## De Forrest v. Butler.

1. **Pleading and Practice:** ARGUMENTATIVE DENIAL STRICKEN OUT. Where in addition to a general denial defendant pleaded matter which amounted to nothing more than an argumentative denial, all of which was admissible under the general denial, the striking out of such matter on motion could not have prejudiced the defendant, and was not error.

2. **Action for Services:** EVIDENCE TO DEFEAT. Where one sued for certain services alleged to have been rendered to defendant, and a general denial was pleaded, it was error to exclude as evidence an award and judgment thereon rendered in favor of plaintiff and against a third person on account of the same services. The offered testimony tended to show that the services were not rendered to defendant.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 19.

THIS is an action to recover of defendant commissions, which the plaintiff alleges he earned as an employe of the defendant in the sale of McCormick machinery in the year 1878. The cause was tried to a jury, and judgment was rendered in favor of plaintiff for $147.50. The defendant appeals. The material facts are stated in the opinion.

*J. R. Barcroft* and *Crom Bowen*, for appellant.

*W. S. Sickmon*, for appellee.

DAY, CH. J.—I. In addition to a general denial of the plaintiff's claim, the defendant in his answer alleged as follows: "And for further answer and defense, the defendant alleges that said DeForrest was, during the year 1878, in the employ of one Thomas Braden, in the sale of and canvassing for sale of said McCormick machinery; that, at the close of said year 1878, said DeForrest and said Braden, failing to come to an amicable settlement of their affairs, submitted the same to three arbitrators, to-wit, Burnham, Kingman and Lazenby, who were duly qualified as such; that the whole of

said charges for canvassing of said machinery was then submitted and charged by said DeForrest against said Braden, which said charges were allowed and awarded to said DeForrest against said Braden by said arbitrators; that said award was by them filed with D. F. Callender, a justice of the peace in and for Polk county, as by their commission directed, and that judgment upon said award was by said justice of the peace entered in favor of said DeForrest and against Braden, as by their articles of submission provided; and that the same is an adjudication, so far as said DeForrest is concerned, and a bar to this suit." The plaintiff moved to strike out this portion of the answer as frivolous, surplusage, and no defense to plaintiff's cause of action.

The court sustained this motion, and of this action the defendant complains. The facts set forth in this portion of the answer in effect constitute but a mere argumentative denial of the allegation that the plaintiff was employed by the defendant to perform the service for which suit is brought. In so far as these allegations are material, they were all admissible under the general denial contained in defendant's answer. It follows that the defendant was not prejudiced by the sustaining of this motion.

II. The court admitted in evidence an agreement between Tom. Braden and the plaintiff to submit to arbitrators a claim for the same services for which the plaintiff now seeks judgment against the defendant. The court also admitted evidence that the plaintiff testified before the commissioners that he was in the employ of Braden in 1878, and that he claimed of him the commissions for which he now sues. The court refused to admit in evidence the award of the arbitrators, or the judgment of the justice thereon.

Respecting the evidence admitted, the court instructed the jury that it "was admitted for the purpose of showing, or as tending to show, whether said plaintiff, in the year 1878, was in the employment of the defendant, Butler, or not." The award and the judgment thereon ought to have been admitted

for the same purpose. That the plaintiff procured an award against Braden, and followed it up with a judgment against him, would tend to show that the services for which the award and judgment were rendered were performed for Braden, and not for the defendant. In rejecting this evidence, the court erred. As at present advised, we discover no other prejudicial error in the case.

REVERSED.